```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Douglas McLaren

    v.                                    Civil No. 09-cv-172-JD

Tracy Warren


O R D E R

Douglas McLaren, who is proceeding pro se, filed a civil rights action under 42 U.S.C. § 1983, contending that Tracy Warren, the medical administrator at the Strafford County House of Corrections, violated his Fourteenth Amendment rights.  On preliminary review, McLaren's claims of inadequate medical care for his spinal condition and skin condition and his claim based on the right to petition the government for redress of grievances due to the denial of his request for medical records to be used at a grievance hearing were allowed.  McLaren was permitted to amend his complaint to add other staff members as defendants, but those defendants have not been served, and therefore are not part of the case.

Defendant Tracy Warren filed her answer, which included several affirmative defenses.  McLaren moves to dismiss the affirmative defenses of qualified immunity and failure to exhaust administrative remedies as required by the Prisoner Litigation

Reform Act.  Warren filed an objection to the motion in which she addressed only the exhaustion defense.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to assert by motion a defense that the complaint fails to state a claim.  When a defendant raises an affirmative defense to challenge a claim in a motion to dismiss, the motion cannot be granted unless the pertinent facts are clear on the face of the plaintiff's pleadings.  <u>Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.</u>, 524 F.3d 315, 320 (1st Cir. 2008).  McLaren has not cited and the court is not aware of a means for a plaintiff to challenge an affirmative defense in a motion to dismiss.

In addition, McLaren's motion to dismiss Warren's affirmative defenses requires consideration of the factual bases for defenses.  For that reason, McLaren's challenges to the affirmative defenses cannot be addressed in the context of a motion to dismiss and, instead, may be raised at an appropriate time in a motion for summary judgment.

<u>Conclusion</u>

For the foregoing reasons, the plaintiff's motion to dismiss (document no. 54) is denied.

SO ORDERED.

                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

May 19, 2010

cc:   Corey M. Belobrow, Esquire
       Douglas W. McLaren, pro se